97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WALKER, Plaintiff-Appellant,
v.
Pat Howell GOAD; Ralph Beach; Dale Blair; Robert Cox;
George Gleitz; Joyce Sutton; Morris Lowe; Claire L.
Russell; Jo Ann Coleman; Candice Walker; Lifeskills,
Inc.; Warren County, Kentucky, Defendants-Appellees.
 No. 95-5583.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 1
 Before: GUY and RYAN, Circuit Judges; JARVIS, District Judge.*
 
 ORDER
 
 2
 William Walker, proceeding pro se, appeals a district court judgment denying his motion for relief from judgment under Fed.R.Civ.P. 60(b)(5). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Walker sued numerous defendants, including the clerk of the Warren Circuit Court in Bowling Green, Kentucky, two police officers, an assistant public advocate, three prosecutors, a state court judge, a psychiatrist, a physician, Lifeskills, Inc., and Warren County, Kentucky. He argued that the defendants conspired to violate his civil rights by causing him to be injected with Haldol (a tranquilizer used in the management of psychoses) for a five year period ending in April 1994. The district court dismissed the complaint as untimely. Thereafter, the district court denied Walker's motion for reconsideration. A few days later, Walker filed his Rule 60(b)(5) motion for relief from the order denying his motion for reconsideration. The district court denied the motion as without merit.
 
 
 4
 On appeal, Walker appears to reassert his same claim.
 
 
 5
 Upon review, we construe Walker's Rule 60(b)(5) motion as seeking relief from the underlying judgment and not from the order denying reconsideration. Cf. Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973) (appeal from denial of reconsideration is construed as brought from underlying judgment), cert. denied, 430 U.S. 940 (1977).
 
 
 6
 We conclude that the district court did not abuse its discretion when it denied Walker's motion. See Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). Walker's appeal from the denial of his 60(b)(5) motion does not bring up for review the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). Furthermore, Walker did not establish that the district court relied on a judgment that has been satisfied, released, or discharged, or that a prior judgment upon which the district court's judgment is based has been revised or otherwise vacated. See Fed.R.Civ.P. 60(b)(5); Commodities Export Co. v. U.S. Customs Serv., 957 F.2d 223, 230 (6th Cir.1992). Nor has he established that it is no longer equitable that the district court's judgment "should have prospective application." Id.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief District Judge for the Eastern District of Tennessee, sitting by designation