**Larina Eve LEWIS, Plaintiff–Appellant,**

v.

**ZERO BREESE ROOFING COMPANY; Roofers Union Local # 42; Duane Brandstetter; Tim Burke; Alan Wolf; Charles Baker, Defendants–Appellees.**

No. 00–3184.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Larina Eve Lewis, an Ohio resident proceeding pro se, appeals a district court order denying her motion for post-judgment relief in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Lewis's third appeal in this case. In June 1994, Lewis sued her former employer, Zero Breese Roofing Company ("Zero Breese"), Zero Breese foreman Duane Brandstetter, and her labor union, Roofers Union Local No. 42. She alleged that Brandstetter subjected her to sexual and racial harassment, that Zero Breese wrongfully discharged her because of her race and sex, and that Local No. 42 mishandled her grievance. In December 1995, the district court dismissed the case for want of prosecution pursuant to Fed. R.Civ.P. 41(b). Lewis appealed, and this court vacated the district court's judgment and remanded the case for further proceedings. *See Lewis v. Roofers Union Local No. 42*, Nos. 96–3037/3038, 1996 WL 549807 (6th Cir. Sept. 26, 1996) (order).

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Upon remand, the district court sua sponte dismissed some of Lewis's claims, and Zero Breese, Wolf, and Brandstetter moved for summary judgment. In separate orders, the district court granted summary judgment to the defendants on all of Lewis's discrimination and harassment claims. Lewis appealed, and this court affirmed the district court's judgment. *See Lewis v. Zero Breese Co.*, No. 98–4110, 1999 WL 1023975 (6th Cir. Nov. 4, 1999) (order). On January 18, 2000, Lewis filed a motion under Fed.R.Civ.P. 60(b)(1). The district court denied the motion on January 27, 2000, and Lewis appealed.

In her timely appeal, Lewis appears to argue that the district court judge was biased against her.

Initially, we note that although Lewis filed her motion under Rule 60(b)(1), she stated that she wanted to introduce evidence of racial harassment. Because this could be construed as a reference to newly discovered evidence under Rule 60(b)(2), we address the motion under both Rule 60(b)(1) and (b)(2).

■ This court reviews the denial of Rule 60(b) motions for an abuse of discretion. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (Rule 60(b)(2)); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993) (Rule 60(b)(1)). An appeal from an order denying a Rule 60(b) motion does not bring up for review the underlying judgment. *See Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). Thus, the only issue in this appeal is the propriety of the district court's decision to deny Lewis's Rule 60(b) motion.

■ Upon review, we conclude that the district court did not abuse its discretion by denying Lewis's Rule 60(b) motion. In her motion, Lewis alleged that in June 1993 a co-worker called her a monkey, that a white supervisor and other co-workers acted like monkeys and told watermelon jokes when she walked by, and that she was never trained to be a roofer. Lewis attached as an exhibit pictures of three dogs. First, Lewis did not establish the existence of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R.Civ.P. 60(b)(1). Second, allegations dating to 1993 clearly are not newly discovered evidence for purposes of Rule 60(b)(2). Finally, as the district court observed, "[t]he evidence Plaintiff submits, illustrations of dogs, is neither newly discovered nor supportive of her claims." Lewis had the opportunity to present evidence in support of her claims when the defendants moved for summary judgment. The district court did not abuse its discretion by denying Lewis's unfounded post-judgment motion.

■ Lewis's suggestion that the district court judge was biased against her is without merit. Lewis appears to argue that district court Judge Beckwith was biased against her because the judge denied Lewis's Rule 60(b) motion. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Lewis did not establish any extrajudicial antagonism on Judge Beckwith's part. *See id.*

Accordingly, we affirm the district court's order for the reasons stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.