**Samuel Donald HOOD II, Plaintiff–Appellant,**

v.

**Samuel Donald HOOD, Defendant–Appellee.**

No. 94–5218.

United States Court of Appeals, Sixth Circuit.

Argued May 25, 1995.

Decided July 18, 1995.

the heirs. In the course of the squabbling that ensued, Hood and other family members caused a criminal complaint to be filed against Hood II, charging him under the applicable Kentucky statute with theft by failure to make a required disposition of property. This charge was ultimately dismissed. Subsequent to the dismissal, Hood II instituted a diversity action in the United States District Court for the Western District of Kentucky against his father, alleging malicious prosecution and intentional infliction of emotional distress. Hood answered, relying upon advice of counsel as a defense, and also counterclaimed for the undistributed proceeds from the estate of the late Irene M. Hood.

·Defendant subsequently filed a motion for summary judgment with supporting affidavits. The affidavits were those of Hood; two of his sons, Joe and Ted Hood; and his daughter, Margaret Hood. These affidavits essentially related that there had been no proper distribution of the proceeds of the wrongful death settlement, and that the affiants had discussed this fact with an attorney who advised them that the failure to make proper distribution constituted a criminal offense. Hood also included the affidavit of an attorney, R. Eberly Davis, which indicated that he was the county attorney at all relevant times, and that he had told Quentin Wesley, the attorney representing the Hoods, that he felt, based upon the information related to him, that the institution of criminal charges was appropriate.

Hood II made no response to the motion for summary judgment, which was filed on September 3, 1993, but on September 15, 1993, did serve a notice to take the deposition of defendant Samuel Donald Hood. The deposition was scheduled for October 29, 1993, but shortly before the deposition was to be taken, counsel for Hood notified counsel for Hood II that due to defendant Hood's medical condition (heart problems) he would not be available for the deposition.

It is not clear from the record what arrangements, if any, were made to take this deposition at a later date; however, on November 1, 1993, defendant filed a motion seeking a ruling on his previously filed sum-

Thomas E. Clay, Louisville, KY (argued and briefed), for plaintiff-appellant.

J. Quentin Wesley (argued and briefed), Wesley & Moore, Morganfield, KY, for defendant-appellee.

Before: JONES, GUY, and BOGGS, Circuit Judges.

PER CURIAM.

The plaintiff, Samuel Donald Hood II (Hood II), was the administrator of his mother's estate. In that capacity, he brought a wrongful death action, which was settled. The heirs of the estate, including plaintiff's father, defendant Samuel Donald Hood (Hood), claimed that Hood II never properly distributed the proceeds of the settlement to

mary judgment motion. On November 4, 1993, the plaintiff responded, indicating that it was his understanding that no action would be taken on the motion for summary judgment until the defendant had been deposed. Accordingly, plaintiff asked that the court withhold disposition on the summary judgment motion. This was followed on November 29 by plaintiff's motion to file a supplemental response. Although this motion was never formally addressed, on November 30, 1993, the court issued a memorandum opinion granting defendant's motion for summary judgment. An order consistent with the memorandum opinion also was entered on that date.

On December 10, 1993, plaintiff filed a "motion for reconsideration pursuant to FRCP 60(b)." In the motion for reconsideration, plaintiff alleged that the "defendant's attorney fraudulently states in his Memorandum in Support of Motion for Summary Judgment that the criminal charge of Theft by Failure to Make Required Disposition of Property Over $100.00 against the plaintiff 'was dismissed for failure to appear.' " The motion goes on to allege that "the criminal charge against the plaintiff was dismissed because *probable cause was not found,* as is clearly shown by the certified copy of the Union District Court Calendar ... which was attached as Exhibit B to the Complaint."

Defendant filed a response, urging that the motion for reconsideration be denied, and arguing that the court's original disposition was correct because the "legal issue concerns the issuance of the warrant, not the dismissal."

The district court issued a written opinion and order denying the motion for reconsideration on February 3, 1994. In denying the motion for reconsideration, the court indicated that defendant had filed affidavits sufficient to support the issuance of a summary judgment, and plaintiff had filed nothing in opposition. The trial judge then concluded, as he had done earlier, that the affidavits left no disputed questions as to material facts, and clearly indicated that the issuance of the warrant was appropriate even if the prosecution was ultimately dismissed.

This timely appeal followed.

In his brief to this court, the plaintiff indicates that the issue on appeal is: "Did the district court err when it granted summary judgment to the appellee?" We note at the outset, however, that plaintiff filed no appeal from the order granting the summary judgment, but has only appealed "from the Order overruling his Motion for Reconsideration[.]"

■■ On an appeal from the denial of a motion for relief from judgment under Rule 60(b), "the Court of Appeals may review the ruling for abuse of discretion ... [but] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). This rule has been consistently followed in this circuit. *See, e.g., Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970 (6th Cir.), *cert. denied,* 501 U.S. 1233, 111 S.Ct. 2857, 115 L.Ed.2d 1024 (1991); *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 132–33 (6th Cir.1990); *Smith v. Secretary of Health and Human Servs.,* 776 F.2d 1330, 1332 (6th Cir.1985); *Windsor v. Department of Justice,* 740 F.2d 6, 7 (6th Cir.1984). When we review the district court's action under an abuse of discretion standard, we conclude that the court appropriately denied the motion for reconsideration. There can be little doubt that the affidavits filed in support of the motion for summary judgment, unless refuted, gave the court an appropriate basis for concluding that to the degree that the Hoods were responsible for bringing a criminal complaint against the plaintiff, they did so upon advice of counsel. As the district court stated in its memorandum opinion: "The law in Kentucky is clear that where there is a full and fair disclosure of all material facts to the attorney advising prosecution, advice of counsel is a defense to a claim of malicious prosecution. *Massey v. McKinley,* 690 S.W.2d 131, 135 (Ky.App. 1985) and cases cited therein."

Plaintiff counters with nothing more than an allegation that he needed to take the deposition of his father to determine if there had been a "full and fair disclosure of all material facts to the attorney advising prosecution." If the plaintiff wanted to find out what the attorney advising prosecution had

been told, however, he would have been better served to take the attorney's deposition not his father's deposition, which could contain self-serving declarations. Plaintiff also could have taken the deposition of attorney Quentin Wesley, who was the attorney who consulted with the prosecuting attorney on this matter just before the warrant actually issued.

In his Rule 60(b) motion for reconsideration, plaintiff does little but allege that defendant's attorney, in his memorandum in support of the motion for summary judgment, misrepresented the manner in which the criminal prosecution against the plaintiff was dismissed. Plaintiff, however, was at liberty to raise this issue in a properly filed response to the motion for summary judgment, which he did not do.

Accordingly, the decision of the district court denying plaintiff's Rule 60(b) motion for reconsideration is **AFFIRMED.**[1]

---

1. The Federal Rules of Civil Procedure do not mention motions for reconsideration. Post-trial motions seeking to review an earlier judgment are filed pursuant to either Rule 59 or Rule 60. Motions filed pursuant to Rule 59 are time-tolling motions insofar as the time for filing an appeal is concerned, and must be filed within ten days. Motions filed pursuant to Rule 60 are not time-tolling motions, and need not be filed within ten days. The difference between a Rule 59 motion and a Rule 60 motion is a significant one. An appeal from a timely-filed Rule 59 motion also brings before the appellate court the underlying judgment. This is not true of a Rule 60(b) motion. Occasionally, when a post-judgment motion is ambiguous as to whether it is filed pursuant to Rule 59 or Rule 60, if filed within ten days of judgment, the appellate courts have construed it as a Rule 59 motion. Here, however, the plaintiff clearly labelled his motion a Rule 60(b) motion. Even if we were to construe it as a Rule 59 motion, we would nonetheless affirm the judgment of the district court for the reasons set forth in this opinion. *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *see also Clarendon Ltd. v. Foster,* 7 F.3d 232 (6th Cir.1993) (Table), 1993 WL 339703 at * *6.