85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ambrose W.J. CLAY, Plaintiff-Appellant,
v.
METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,
TENNESSEE; Robert S. Brandt, Chancellor of the
Chancery Court for the 20th Judicial
District of Tennessee,
Defendants-Appellees.
 No. 95-6151.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 Before: GUY, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ambrose W.J. Clay, a pro se Tennessee citizen, appeals a district court order denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clay filed the underlying action against the Metropolitan Government of Nashville and Davidson County, Tennessee, and a state chancery court judge, seeking monetary damages and the voiding of some state court judgments. His complaint attacked the attachment of certain of his real property pursuant to a money judgment in favor of the city. The matter was referred to a magistrate judge, who recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), because Clay had not identified any municipal policy which was responsible for the acts complained of, the defendant judge was entitled to immunity, and Clay had adequate remedies at state law. The district court adopted this recommendation over Clay's objections and dismissed the case as frivolous in a final order entered June 19, 1995. On July 11, 1995, Clay moved for relief from judgment pursuant to Rule 60(b). The district court denied this motion on July 14, 1995, and Clay appealed that order on August 1, 1995.
 
 
 3
 Upon review, we first note that the appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). The only order properly before us on appeal is thus the order denying relief from judgment. We conclude that the district court did not abuse its discretion in denying relief under Rule 60(b). See id. A party seeking relief under this Rule must show that its case comes within the Rule's provisions. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). Clay utterly failed to show that he was entitled to relief from judgment. Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.