103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene SANFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3298.
 United States Court of Appeals, Sixth Circuit.
 Dec. 02, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Eugene Sanford, a federal prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1991, Sanford and a codefendant were charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine base (count 1), and possession with intent to distribute over 50 grams of cocaine base (count 2). Sanford pleaded guilty to count 2 on February 24, 1992. Count 1 had previously been dismissed upon the government's motion by the district court's order of February 19, 1992. On May 21, 1992, Sanford was sentenced to 121 months in prison and five years of supervised release. He did not appeal his conviction or sentence. However, in December 1992, Sanford brought a motion to vacate under § 2255 (more accurately characterized as a motion for modification of sentence under 18 U.S.C. § 3582(c)(2)), which the district court denied in an opinion and order filed on April 20, 1993.
 
 
 3
 In his present motion to vacate, Sanford raised three grounds for relief: (1) his criminal prosecution in addition to the forfeiture of his property violated the Double Jeopardy Clause; (2) his guilty plea was uninformed and involuntary, principally because the district court did not explain the aiding and abetting charge nor elicit a factual basis for that charge; and (3) he received ineffective assistance of counsel on appeal. The government filed an answer opposing the motion. In an opinion and order filed and entered on November 30, 1995, the district court denied Sanford's § 2255 motion on its merits and dismissed the action. The district court concluded that the Double Jeopardy Clause was not implicated in the forfeiture of drug proceeds; that the aiding and abetting charge was contained in the dismissed count 1; that the record indicated that Sanford's plea to count 2 was knowing and voluntary; and that, because these claims were meritless, counsel was not ineffective for failing to preserve the issues and raise them in a direct appeal.
 
 
 4
 Sanford filed a motion for reconsideration on December 18, 1995, arguing that the district court erred in stating that the aiding and abetting charge had been contained in count 1. Construing this motion as one for relief from judgment under Fed.R.Civ.P. 60(b), the district court denied it on the ground that, although Sanford was correct in that the aiding and abetting statute had been cited in count 2, there was no indication that Sanford was found guilty as an aider and abettor as opposed to someone found to be in possession with intent to distribute. The order was filed and entered on January 23, 1996.
 
 
 5
 On appeal, Sanford argues that: (1) the district court did not have jurisdiction to adjudicate his involuntary guilty plea in violation of Rule 11; (2) counsel rendered ineffective assistance during his plea hearing; and (3) counsel rendered ineffective assistance by failing to file a direct appeal to raise these issues. He requests oral argument in this case.
 
 
 6
 Upon review, we affirm the district court's order because the record shows that Sanford pleaded guilty to possession with intent to distribute, rather than aiding and abetting, and that his plea to this charge was knowing and voluntary. This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992) (per curiam). A Rule 60(b) motion may not be used as a substitute for an appeal, and thus, the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 (1978); Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). We conclude that the district court did not abuse its discretion in denying Sanford's motion for the reasons stated in the district court's order.
 
 
 7
 Accordingly, Sanford's request for oral argument is denied. The district court's order, entered on January 23, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.