**Ahmad HOSSEINIPOUR,**
**Plaintiff–Appellant,**

v.

**UNITED STATES FEDERAL**
**GOVERNMENT, Defendant–**
**Appellee.**

**No. 00–4120.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and
BATCHELDER, Circuit Judges.

## ORDER

Ahmad Hosseinipour, an Ohio resident, appeals pro se a district court order denying his motion to reopen a closed case, construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hosseinipour originally filed a brief complaint in 1998, naming the federal government as a defendant and claiming that he had lost his job and family due to a government policy of national origin discrimination against Iranian–Americans. The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e) on August 12, 1998. Over two years later, Hosseinipour filed a motion to reopen the case, which was denied by marginal notation. Approximately six weeks after that, Hosseinipour filed another motion to reopen. The caption of the motion named a different defendant than that named in the original complaint, and now alleged that Hos-

seinipour had recently been diagnosed with HIV-related encephalopathy. From the motion and attachments, it appears that Hosseinipour now wished to allege discrimination in the loss of his state medical license based on the Americans with Disabilities Act. This motion was also denied by marginal notation, and Hosseinipour appealed. The brief on appeal cites to the Americans with Disabilities Act, and lists claims of national origin discrimination as well as several state law claims.

■ We conclude that the denial of this post-judgment motion, construed as a motion for relief from judgment under Fed. R.Civ.P. 60(b), should be affirmed, as no abuse of discretion is apparent. *See Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995).

■ Initially, Hosseinipour's attempt to challenge the dismissal of his original claim of national origin discrimination need not be addressed, as an appeal from the denial of a motion for relief from judgment does not bring up for review the underlying judgment. *See id.*

■ In order to challenge the district court's denial of a motion for relief from judgment, an appellant is required to demonstrate an abuse of discretion, defined as a clear error of judgment by the district court. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998). No error is apparent in the denial of this successive motion, filed over two years after the dismissal of the original complaint, in which Hosseinipour was apparently attempting to change both the defendant and the claim asserted. Therefore, the denial of the motion is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.