Marc K. RUNYAN, Plaintiff–Appellant,

v.

Marcia G. SHEIN;  Federal Criminal Law Center, Defendants– Appellees.

No. 01–5898.

United States Court of Appeals, Sixth Circuit.

March 28, 2002.

Before NORRIS, SILER, and GILMAN, Circuit Judges.

*ORDER*

Marc K. Runyan, proceeding pro se, appeals a district court order denying his motion construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 1999, Runyan filed a legal malpractice action against several defendants who had represented him at sentencing and on direct appeal, following his conviction for various drug offenses. Runyan essentially claimed that the defendants had provided him with ineffective assis-

tance of counsel. On January 24, 2001, the district court granted summary judgment to the defendants, concluding that Runyan was barred from reasserting his ineffective assistance of counsel claim because a panel of this court had rejected that claim on appeal.

Thereafter, on March 5, 2001, Runyan filed a motion for reconsideration under Fed.R.Civ.P. 59(e). Upon review, the district court denied the motion for reconsideration because it was not filed within ten days of the underlying judgment. The court construed the motion as a motion for relief from judgment, and concluded that Runyan was not entitled to Rule 60(b) relief. Hence, the district court denied the motion.

Runyan has filed a timely appeal, essentially arguing that: 1) the district court improperly construed his motion under Rule 60(b), or alternatively that the district court improperly denied him Rule 60(b) relief; and 2) the district court improperly granted summary judgment to the defendants.

Initially, we conclude that the district court properly construed Runyan's motion for reconsideration as a motion for relief from judgment pursuant to Rule 60(b), because Runyan filed his motion more than ten days after entry of the underlying judgment. *Hood v. Hood,* 59 F.3d 40, 43 n. 1 (6th Cir.1995). Although Runyan notes that the certificate of service date had originally been recorded as February 2, 2002, he does not allege that he placed the motion in the mail on that date. Hence, the "mailbox rule" does not apply. In addition, Runyan argues that "excusable neglect" exists which should permit his motion to be construed under Rule 59(e). However, the district court cannot extend the ten-day filing period. *See* Fed. R.Civ.P. 6(b).

The district court did not abuse its discretion when it denied Runyan Rule 60(b) relief. *Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000). Runyan has made no showing of mistake, inadvertence, surprise, or excusable neglect. *See* Fed.R.Civ.P. 60(b)(1). In addition, Runyan has not presented any new evidence regarding the allegations made in his complaint that would entitle him to relief. *See* Fed.R.Civ.P. 60(b)(2). He has not established by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct. *See* Fed. R.Civ.P. 60(b)(3). Nor has he established that the judgment is void, satisfied, released or discharged. *See* Fed.R.Civ.P. 60(b)(4), (5). Finally, Runyan has not established any extraordinary circumstances warranting relief under Rule 60(b)(6). *See* Fed.R.Civ.P. 60(b)(6). Thus, the district court properly denied Runyan's motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.