Govindaswamy NAGARAJAN,
Plaintiff–Appellant,

v.

Ezra Earl JONES; Christine Steele;
John Brown; Patrick Bass; Alice
Patterson; General Board of Disciple-
ship, Defendants–Appellees.

No. 01–5894.

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE,
Circuit Judge; and SHARP, District
Judge.*

## ORDER

Govindaswamy Nagarajan, proceeding
pro se, appeals a district court order deny-
ing his motions construed as motions for
relief from judgment pursuant to Fed.
R.Civ.P. 60(b). This case has been re-
ferred to a panel of the court pursuant to
Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

* The Honorable G. Kendall Sharp, United
States District Judge for the Middle District of
Florida, sitting by designation.

Nagarajan sued his employer, the General Board of Discipleship for the United Methodist Church (the Board), and five Board members in both their individual and official capacities. Nagarajan claimed that: 1) the defendants discriminated against him on the basis of his gender, national origin and age, in violation of both Title VII and the ADEA; 2) the defendants violated his rights under the Fourteenth Amendment Due Process Clause; and 3) he is entitled to relief under the All Writs Act. Upon review, the district court granted the defendants' motion to dismiss or for summary judgment, and dismissed Nagarajan's Title VII and ADEA claims against the individual Board members to the extent that they were sued in their individual capacities, and it dismissed Nagarajan's due process and All Writs Act claims. Subsequently, the district court granted summary judgment in favor of the defendants because Nagarajan did not establish a prima facie case of discrimination as to four of the positions for which he had applied, and because he did not establish that the defendants' proffered reasons for hiring other candidates were a pretext for discrimination.

Thereafter, Nagarajan filed a document entitled "MOTION TO VACATE THE ORDER OF DISMISSAL FOR JUST CAUSE," and a forty-five page memorandum in support, as well a "NEW MOTION TO VACATE THE ORDER OF DISMISSAL FOR JUST CAUSE," and a ninety-nine page memorandum in support. Nagarajan essentially argued that he is entitled to relief because the defendants submitted incomplete and inaccurate information to the district court. Upon review, the district court construed the motions as requests for relief under Rule 60(b), and denied the motions as without merit. Nagarajan has filed a timely appeal, essentially reasserting his claims that the defendants discriminated against him.

■ Initially, we conclude that the district court properly construed Nagarajan's motions to "vacate" as motions for relief from judgment pursuant to Rule 60(b). The district court's order granting summary judgment to the defendants was entered on October 13, 2000, but Nagarajan did not file his motions for reconsideration until November 13, 2000, and December 19, 2000. Hence, the district court properly construed the motions as filed under Rule 60(b) they were filed more than ten days after entry of the underlying judgment. *Hood v. Hood,* 59 F.3d 40, 43 n. 1 (6th Cir.1995).

■ The district court did not abuse its discretion when it denied Nagarajan Rule 60(b) relief. *Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000). Nagarajan has not made a showing that the defendants engaged in any fraud, misrepresentation, or other misconduct. Nagarajan's conclusory allegations of forged and fabricated documents are insufficient to establish by clear and convincing evidence that the judgment was obtained by fraud or misconduct. *See* Fed.R.Civ.P. 60(b)(3); *Harre v. A.H. Robins Co.,* 750 F.2d 1501, 1503 (11th Cir.1985); *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir. 1983). Nagarajan had a full and fair opportunity to present his case, and the misconduct he alleged is not sufficient to warrant altering or amending the judgment. *See Anderson v. Cryovac, Inc.,* 862 F.2d 910, 924–26 (1st Cir.1988).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.