**Ronrico DENHAM, Plaintiff–Appellant,**

v.

**M. MCQUILLAN, Ruo, in his individual capacity; S. Cudney, c/o, in his individual capacity; M. Smith, Ruo, in his individual capacity; D. Imhoff, Sgt., in his individual capacity, Defendants–Appellees.**

No. 02–1832.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

### ORDER

Ronrico Denham, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court order denying his post-judgment motions in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Denham filed this action in May 2000 against four employees of the Michigan Department of Corrections, alleging that defendants had subjected him to excessive force on August 8, 1999, in response to his assault on a corrections officer. Denham suffered a laceration on the palm of his hand when he attempted to pull his restraints through the door slot into his cell and was resisted by the defendants. The laceration required surgery to repair a ligament.

Defendants moved for summary judgment, and Denham filed no response. A magistrate judge recommended that defendants' motion be granted on the ground that the amount of force used was necessary under the circumstances. Denham requested and was granted an extension of

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

time to file objections to the magistrate judge's report, but no objections were filed, and the district court ultimately adopted the magistrate judge's recommendation and granted summary judgment to defendants on February 9, 2001. In January 2002, Denham filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), arguing that he had mailed objections to the court, and accusing defendants of interfering with his mail. However, he did not attach a copy of the alleged objections. He also filed a motion for reconsideration, in which he argued that the district court had erred in dismissing his case for failure to pay the partial filing fee. The district court denied both motions, and this appeal followed.

Denham has filed two briefs on appeal. In the first, he argues that the district court erred in granting summary judgment to defendants on the ground that the case was barred by *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), as it would imply the invalidity of his disciplinary conviction for assault on a corrections officer. In the second, he argues that the original district court judgment should be overturned because he never received a copy of defendants' motion for summary judgment. Defendants' brief also addresses the original summary judgment order rather than the order denying the post-judgment motions which is being appealed.

Initially, we note that, despite the arguments presented in the briefs on appeal, an appeal from the denial of a Rule 60(b) motion does not encompass review of the underlying judgment. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995).

The denial of a motion for relief from judgment is reviewed for an abuse of discretion. *Id.* No abuse of discretion is apparent in this case. Denham's motion for relief from judgment was filed nearly one year after the entry of judgment, and ar-

gued that he had mailed objections to the magistrate judge's report. However, he did not attach a copy of the alleged objections, or demonstrate that he had any evidence to submit which would have altered the outcome of the original case. Due to the delay in filing, the unsupported nature of the argument presented, and the failure to demonstrate any error in the original judgment, no abuse of discretion occurred in denying this motion. Denham also filed a motion for reconsideration which was extremely untimely and proposed that his case had been wrongly dismissed for failure to pay a partial filing fee, which was simply erroneous. Obviously, no abuse of discretion occurred in the denial of that motion.

Denham's arguments on appeal are equally meritless. One alleges that the district court wrongfully dismissed his case under the doctrine of *Edwards v. Balisok*, which again is simply incorrect. The other argument presented is that he never received a copy of defendants' motion for summary judgment. Even if this were true, Denham did not demonstrate that he could not have objected to the magistrate judge's report, which he clearly received, as he requested an extension of time to file objections. Therefore, he did not demonstrate any ground for granting relief from judgment.

For all of the above reasons, the motion for counsel is denied and the district court's order denying the post-judgment motions is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.