**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald L. PARSONS, Defendant–Appellant.**

Nos. 02–3029, 02–3470, 02–3545, 02–3549.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*

*ORDER*

Donald L. Parsons, proceeding pro se, appeals four district court orders denying various motions disputing the court's judgment of foreclosure in favor of the United States in a suit filed by the United States pursuant to 28 U.S.C. § 1345. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 15, 1998, the United States filed a complaint against Parsons; his ex-wife, Peggy L. Parsons Frontz; Frontz's unknown spouse; Firelands Rural Electric Cooperative, Incorporated; the Village of New London, Ohio; Bankers Insurance Company; Kent Sporting Goods Company; the New London Township Board of Trustees; and the Treasurer of Huron County, Ohio. The complaint alleged that Parsons and Frontz executed several real estate mortgages and security agreements in favor of the United States in order to secure the repayment of several promisso-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

ry notes which were also executed in favor of the United States. The complaint alleged that Parsons and Frontz subsequently defaulted on the notes and, as a result of that default, the United States sought to foreclose upon the real and personal property described in the real estate mortgages and security agreements.

The United States filed a motion for summary judgment, to which Parsons did not respond. On August 3, 1999, the district court granted the motion for summary judgment and entered judgment to foreclose on the real estate mortgages and security agreements executed by Parsons and Frontz. Default judgment was subsequently entered in favor of the United States against Firelands Rural Electric Cooperative, Incorporated, the Village of New London, Bankers Insurance Company, and Kent Sporting Goods Company.

On December 14, 1999, the district court entered an order of foreclosure and marshaling of liens. On February 3, 2000, the district court ordered the sale of the real estate which was the subject of the foreclosure action. A consent order confirming the sale of the real estate was filed by the district court on May 22, 2001, and on July 2, 2001, a consent order confirming the sale nunc pro tunc was filed by the district court. On January 22, 2002, the district court filed an order of distribution of the proceeds from the sale of the real estate. Parsons did not appeal the judgment of foreclosure. Instead, Parsons subsequently filed several motions, four of which are the subject of the instant consolidated appeals.

On October 15, 2001, Parsons filed a motion in which he requested "a court order returning the farm to [him]," which the district court denied on November 26, 2001. Parson's appeal from the district court's November 26, 2001, order has been docketed in this court as case number 02-3029. On April 9, 2002, Parson filed a motion "for a court order under the Freedom of Information Act," in which he requested information. The district court denied Parson's motion in an order filed on April 15, 2002, and Parson's appeal from that order has been docketed in this court as case number 02-3470. On April 19, 2002, Parsons filed a counterclaim against the United States. On April 30, 2002, the district court struck the counterclaim from the record and ordered it to be returned to Parsons. Parson's appeal from the district court's April 30, 2002, order has been docketed in this court as case number 02-3545. On April 29, 2002, Parsons filed a motion requesting a court order requiring the United States Attorney "to clear [his] name of false charges," which the district court denied on May 6, 2002. Parson's appeal from the district court's May 6, 2002, order has been docketed in this court as case number 02-3549. Parsons has filed numerous miscellaneous motions in all four cases.

Given the length of time that elapsed between the district court's judgment of foreclosure and order to sell the real estate and Parson's filing of the post-judgment motions, the motions are best characterized as motions for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir. 1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment disposing of the complaint. *Browaer v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to

"whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

Upon review, we conclude that the district court did not abuse its discretion when it denied Parsons's post-judgment motions. Parsons failed to demonstrate the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6). Furthermore, Parsons is not entitled to relief under the provisions of Fed.R.Civ.P. 60(b)(1)-(3) because his motions were filed over one year from the date of the district court's judgment and order of sale. *See* Fed.R.Civ.P. 60(b); *Feathers*, 141 F.3d at 269. Parsons is not entitled to relief under Fed.R.Civ.P. 60(b)(4) or (5) because those provisions are inapplicable to the facts of this case. Parsons is not entitled to relief under Fed.R.Civ.P. 60(b)(6) because he has not demonstrated " 'exceptional or extraordinary circumstances,' " which are required to justify relief pursuant to that subsection of the rule. *See Byers*, 151 F.3d at 578 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989)).

Accordingly, all pending motions are denied and the district court's orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.