**Roger D. VARDEN, Plaintiff–Appellant,**

v.

**DANEK MEDICAL, INC., et al., Defendants–Appellees.**

Nos. 02–5377, 02–5384.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2003.

### ORDER

Roger D. Varden, proceeding pro se, appeals a district court order denying his motion for relief from its judgment dismissing his diversity personal injury action. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 15, 1995, Varden, through counsel, filed a complaint against sixty-two

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

defendants. Varden alleged that he has "suffered severe, permanent and disabling injuries to mind and body" as a result of the placement in his spine of a "spinal fixation system utilizing pedicle screws." The defendants were allegedly involved in the design, testing, manufacturing, production, marketing, promotion, and distribution of the pedicle screw fixation device in some manner. Varden sought monetary relief.

Varden's case was consolidated with many others, which were collectively styled *"In re: Orthopedic Bone Screw Products Liability Litigation."* The cases were transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated pre-trial proceedings. Upon completion of the pre-trial proceedings, Varden's case was remanded to the United States District Court for the Western District of Tennessee, where it was originally filed. Varden's case was ultimately settled prior to trial. As a result of the settlement, the district court entered a judgment on February 3, 2000, dismissing the case with prejudice. The parties did not pursue an appeal from the district court's judgment.

On August 15, 2001, Varden filed an irregular motion, in which he alleged that his attorneys "committed fraud and blackmailed [him] out of a settlement both parties agreed to over two years ago." Varden's motion also reiterated various claims and allegations against the defendants to his action. Varden filed another irregular motion on October 23, 2001, which purported to amend his August 15, 2001, motion. On December 18, 2001, the district court construed Varden's irregular post-judgment pleading as a Fed.R.Civ.P. 60(b) motion for relief from judgment and denied the motion.

On December 28, 2001, Varden filed another irregular motion, which alleged malpractice and misrepresentation on the part of his attorneys. On January 29, 2002, Varden filed a motion entitled "AMENDING APPEAL TO THE U.S. DISTRICT COURT WESTERN DISTRICT OF TENNESSEE: CAUSE OF ACTION." In an order filed on February 15, 2002, the district court denied Varden's motion, construing the December 28, 2001, pleading as a Fed.R.Civ.P. 60(b) motion for reconsideration of its judgment of dismissal since it provided further support for Varden's August 15 and October 23, 2001, pleadings. In the same order, the district court construed Varden's January 29, 2002, pleading as a notice of appeal with respect to its December 18, 2001, order and that appeal has been docketed in this court as case number 02–5377. Varden also appealed the district court's February 15, 2002, order, which has been docketed in this court as case number 02–5384. Both cases have been consolidated.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.' " *Byers*, 151 F.3d at 578–79 (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989)). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the movant] is entitled to reopen the merits of his underlying claims."

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court did not abuse its discretion when it denied Varden's irregular post-judgment motions, which were construed as motions for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). Varden failed to demonstrate the existence of any of the grounds for relief specified in Fed. R.Civ.P. 60(b)(1)-(6). In fact, most of the allegations contained within Varden's motions do not concern the defendants; instead, the motions allege various instances of misconduct on the part of Varden's own attorneys and reiterate his claims against the defendants.

To the extent that Varden's motions allege fraud, misrepresentation, or other misconduct on the part of his attorneys, he is not entitled to relief under Fed.R.Civ.P. 60(b)(3) because his attorneys were not adverse parties to the action and his motions were filed over one year from the date of the district court's February 3, 2000, judgment of dismissal. *See* Fed. R.Civ.P. 60(b); *Feathers*, 141 F.3d at 269. To the extent that Varden's motions reiterated various claims and allegations against the defendants, he is not entitled to relief under Fed.R.Civ.P. 60(b), as Fed.R.Civ.P. 60(b) may not be used as a vehicle to challenge the underlying judgment dismissing the complaint. *See Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. 556; *Hood*, 59 F.3d at 42.

Accordingly, the district court's orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.