Larry Darnell JONES, Plaintiff–
Appellant,

v.

R. KOLB, Ruo, Defendant–Appellee.

No. 03–1673.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2003.

Larry Darnell Jones, Marquette Branch Prison, Marquette, MI, for Plaintiff–Appellant.

Mitchell J. Wood, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendant–Appellee.

Before SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

## ORDER

Larry Jones, a Michigan prisoner proceeding pro se, appeals the district court's orders that denied his motion for reconsideration and bars further filings by him in this civil rights action filed pursuant to 42 U.S.C. § 1983. Jones has filed a motion to reject and deny all further appeals by the defendants. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones sued several prison officials at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. The complaint was filed on June 22, 2000 based on 42 U.S.C. § 1983. Jones claimed that his civil rights were violated when defendant R. Kolb, with after-the-fact complicity from SMF officials, encouraged another inmate to murder him, that Kolb and others retaliated against him for reporting the plot by contaminating his food and that the defendants unlawfully blocked his access to the courts by limiting his access to a typewriter. The district court dismissed Jones's complaint on June 4, 2002. Jones appealed from that decision on June 27, 2002 (appeal No. 02–1822), but a subsequent motion to voluntarily dismiss appeal

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 02–1822 was granted on October 4, 2002.

The district court repeatedly denied both reconsideration and in forma pauperis status to Jones in orders filed July 3, 2002, July 24, 2002, July 25, 2002, August 30, 2002, October 10, 2002, November 6, 2002, and April 28, 2003. Nonetheless, Jones persisted in refiling motions to that same effect, even though the district court lacked jurisdiction over the case due to the numerous appeals Jones has filed. His latest motion for reconsideration was filed on May 6, 2003. The district court denied this motion in an order filed May 7, 2003, and also barred Jones from any further filings in that court. It is from this order that Jones now appeals.

■ Because Jones filed his current motion to reconsider more than ten days after entry of the district court's June 4, 2002, order, it did not toll the appeal period for that order. *See* Fed.R.Civ.P. 59(b), (e); *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 268 (6th Cir.1998). Instead, it is properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This court reviews the denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995).

■ A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Jones's latest motion for reconsideration. Jones does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief.

■ Finally, the district court properly exercised its authority to issue an injunction to prevent Jones, a prolific litigant, from filing further actions without first obtaining leave of court. *See Feathers,* 141 F.3d at 269; *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987).

Accordingly, the district court's orders that denied Jones's current motion for reconsideration and barred further filings by him are affirmed. The pending motion is

denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.