Mark P. DONALDSON, Plaintiff–Appellant,

v.

CENTRAL MICHIGAN UNIVERSITY; Leonard E. Plachta; Eileen K. Jennings; Carol A. Beere; Gail P. Scukanec; Susan Kay Smith, Defendants–Appellees.

No. 02–1773.

United States Court of Appeals, Sixth Circuit.

Decided July 29, 2004.

Rehearing En Banc Denied Oct. 18, 2004.

Mark P. Donaldson, Whitmore Lake, MI, pro se.

Michael E. Cavanaugh, Elizabeth A. Hughes, Ryan K. Kauffman, Fraser, Trebilcock, Davis & Dunlap, Lansing, MI, for Defendants–Appellees.

Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.[*]

## ORDER

Mark P. Donaldson, proceeding pro se, appeals a district court order denying his motion for reconsideration, filed in his civil rights action, 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

[*] The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

Donaldson alleged violations of his civil rights under 42 U.S.C. § 1983, violations of his rights to due process and equal protection, breach of contract, and sexual discrimination in his complaint against Central Michigan University, Leonard E. Plachta, Eileen K. Jennings, Carol A. Beere, Gail P. Scukanec, and Susan Kay Smith (collectively, "the defendants"). Specifically, Donaldson alleged that the defendants denied him an extension of time to complete his graduate degree under the university's current policy, rather than the policy in effect in 1988, when he was originally admitted to the university.

The defendants moved to dismiss Donaldson's complaint for failure to state a claim, for summary judgment, or alternatively, for a more definite statement. The district court granted summary judgment to the defendants by order entered on October 16, 2001. Thereafter, Donaldson moved for an extension of time to file post-judgment motions. The district court granted the motion in part, permitting Donaldson to file a motion for reconsideration.

Donaldson filed a motion for reconsideration, challenging the district court's order granting him an extension of time to file post-judgment motions. In his supporting brief, Donaldson alleged that the defendants' actions entitled him to relief because they utilized the current policy to deny him an extension.

The district court denied Donaldson's motion for reconsideration by order entered on June 10, 2002. The district court declined to extend the deadline for filing other post-judgment motions. The district court also declined to revisit its order granting the defendants summary judgment because: (1) Donaldson presented the same issues on reconsideration as presented in his complaint, and (2) Donaldson failed to demonstrate a palpable defect in the prior decision by which the court or the parties were misled.

Donaldson appealed the district court's decision. We dismissed as untimely Donaldson's appeal to the extent he challenged the district court's order entered on October 16, 2001, and restricted Donaldson's appeal to issues concerning the district court's order entered on June 10, 2002, denying his motion for reconsideration.

On appeal, Donaldson argues that the district court's factual findings are not supported by the record, he was denied his right to a jury trial, the district court erred in not providing the parties with a discovery period, his right to due process was violated because he had a property interest in attending the university and a liberty interest in the contract to attend the university, and breach of contract because he was denied an extension of time to complete his degree requirements. Donaldson further argues that the district court did not consider the evidence he provided in support of his motion for reconsideration.

█ A motion for reconsideration, filed outside the time permitted under Fed.R.Civ.P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b). *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998). Donaldson's motion for reconsideration was filed outside the time for filing a Rule 59(e) motion; therefore, his motion is properly construed as a Rule 60(b) motion. We review the denial of a Rule 60(b) motion for abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir. 1995).

█ Donaldson's arguments primarily challenge the district court's order granting the defendants summary judgment. An appeal from the denial of a Rule 60(b) motion, however, does not bring the under-

lying judgment up for review. *Hood,* 59 F.3d at 42 (collecting cases). Moreover, on February 14, 2003, this Court dismissed Donaldson's appeal as untimely to the extent he challenged the district court's order granting the defendants summary judgment. Accordingly, we decline to consider his arguments on appeal to the extent he challenges the district court's underlying order granting the defendants summary judgment.

■ Donaldson's sole challenge to the order denying his motion for reconsideration is that the district court did not consider the evidence he submitted with his motion. A Rule 60(b) motion may only be granted under six circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Donaldson did not explicitly base his motion for reconsideration on any particular subsection of Rule 60(b). Donaldson, however, alleged that: (1) he had support from two of the three people necessary to extend the time to complete his degree; (2) Scukanec, the Associate Dean of Graduate Studies, was not authorized to deny his request for extension; (3) Scukanec utilized the wrong policy to advise him about obtaining an extension; and (4) the

defendants intentionally withheld relevant evidence from him. In support of his claims, Donaldson attached a 1988 e-mail assigning him a graduate advisor, a 1998 e-mail from his advisor asking Donaldson to come fill out the necessary forms for an independent study, and a 1998 letter from Scukanec advising Donaldson that his prior course credits would not be applied towards his graduate degree unless he obtained an extension.

Our inquiry is limited to "whether one of the specified circumstances exists in which [Donaldson] is entitled to reopen the merits of his underlying claims." *Feathers,* 141 F.3d at 268. A movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 543 (6th Cir.2004). Donaldson reiterates the claims he made in his complaint in his motion for reconsideration; accordingly, he has not demonstrated entitlement to relief under any of the subsections of Rule 60(b).

■ Additionally, the evidence does not otherwise justify relief from the judgment. It is undisputed that the degree requirements in effect during both times in question required three members of the university faculty to approve an application for extension of time. Thus, Donaldson's position that two out of three of the required individuals supported granting him an extension does not impact the university's denial of his extension. Moreover, Donaldson's argument that Scukanec was not authorized to deny him an extension is without merit because Scukanec did not deny him an extension. Rather, she set forth the university's policy for extension, provided him with an application for extension, and advised him an extension was unlikely to be granted.

For the foregoing reasons, the district court did not abuse its discretion in denying Donaldson's motion for reconsideration. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.