NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0190n.06

Case Nos. 17-3716/3750

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 11, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, acting in its capacity as Liquidating Agent for St. Paul Croatian Federal Credit Union, | ) ) ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) |
| DANICA ZOVKO, et al., | ) ) ) |
| Defendants-Appellants. | ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: COLE, Chief Judge; GUY and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge**. In May 2017, a jury found Defendants-Appellants, Danica Zovko, Jozo Zovko, and Domestic and Foreign Auto Body, guilty of fraudulently transferring two real properties in Cleveland, Ohio, and ordered that Plaintiff-Appellee, the National Credit Union Administration Board ("NCUAB"), recover the amount of three million, two hundred eighty-eight thousand, five hundred six dollars and seventy four cents ($3,288,506.74), plus post-judgment interest. Appellants argue that the district court erred throughout the case, starting in the pre-trial phase, resulting in an unreliable jury verdict. Appellants' brief is in large part devoid of legal argumentation or citations to the record, running afoul of the Federal Rules of Appellate Procedure and rendering the majority of claims unreviewable. Regarding those issues that we can review, we find nothing in the record to

indicate that the district court abused its discretion on its various rulings. For the reasons below, we AFFIRM.

I.

The NCUAB manages the National Credit Union Administration ("NCUA"), a federal agency charged with chartering and supervising federal credit unions. Pursuant to these duties, the NCUAB placed St. Paul Croatian Federal Credit Union ("St. Paul") into a conservatorship in April 2010, following allegations that St. Paul had issued fraudulent loans. Prior to the NCUAB's action, several St. Paul employees, including the CEO, pleaded guilty to federal bank fraud charges in connection with the bank's collapse. A week after initiating the conservatorship, the NCUAB placed St. Paul into involuntary liquidation and appointed itself Liquidating Agent of St. Paul pursuant to 12 U.S.C. § 1787(a)(1)(A).

As Liquidating Agent for St. Paul, the NCUAB brought suit against Defendants-Appellants, alleging fraud, fraudulent transfer, civil conspiracy, default on accounts, unjust enrichment, and conversion, in connection with outstanding loans. The NCUAB voluntarily dismissed several counts before trial, leaving two counts for fraudulent transfer, two counts for account and loans, and one count for unjust enrichment. After a three-day trial, a jury found the Defendants liable for the actions on accounts and for the fraudulent transfers of two real properties. Defendants moved for relief from judgment or, in the alternative, for a partial new trial, or for an amendment of the judgment. The district court denied the motion. Defendants timely appealed.

II.

Appellants make almost twenty arguments of error in their appellate brief, which we note is largely devoid of citation to the record or meaningful legal argumentation.[1] Appellants' arguments are convoluted, confusing, and in some cases, nonsensical. We will only address substantively the allegations which comply with the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]").

Much of this appeal "begins and ends with the issue of waiver." *Cooper v. Commercial Sav. Bank*, 591 F. App'x 508, 509 (6th Cir. 2015). First, Appellants state, without argument, that the district court erred in denying their motion for summary judgment and their amended motion for summary judgment. "An appellant waives an issue when he fails to present it in his initial briefs before this court." *Id.* (quoting *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003)). In *Cooper*, we found an argument waived when an appellant referenced one case but did not otherwise "provide even a modicum of legal argument as to why the district court erred." *Id.* Here, Appellants do not offer even a single legal citation, and certainly no legal argument. Therefore, this argument is waived. Moreover, even if the argument was not waived, the district court's ruling on summary judgment is not reviewable. *Ortiz v. Jordan*, 562 U.S. 180, 183-85 (2011) (holding that a party may not appeal an order denying summary judgment after a full trial on the merits).

Appellants next generically argue that Appellee's evidence "was improper based under the Federal Rules of Evidence." Appellants do not state which "evidence" was improperly

---

[1] Many of Appellants' arguments are overlapping, which differ in order (and number) between the "Statement of Issues" and "Argument" sections. We will address the arguments primarily in the order of the "Argument" section of Appellants' brief and condense analysis across arguments where possible.

admitted, only stating that whatever records were improperly admitted were not "business records." With no citation to the record or specific allegation regarding the objectionable evidence, this Court cannot review the district court's evidentiary rulings. Accordingly, this argument is waived. *See United States v. Chrysler Grp., LLC*, 571 F. App'x 366, 372 (6th Cir. 2014) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted). The same reasoning applies to Appellants' argument regarding adoptive business records. Appellants produce one legal citation, but this section of the argument states that a St. Paul employee manufactured records, without reference to any supporting evidence. This argument is also waived.

Appellants next claim that the NCUAB's "tort claims" were untimely filed. Appellants appear to refer to the NCUAB's claim for fraud, which was included in the amended complaint, but which the NCUAB moved to dismiss before trial. As the claim was dismissed before trial, the issue is moot.

Appellants challenge the sufficiency of evidence, arguing that the NCUAB failed to support a claim for fraudulent transfer, failed to prove unjust enrichment, and did not prove elements of an account. As Appellants did not challenge any of this evidence in a post-trial Rule 50 motion, the issues were not preserved for appeal. *See Ortiz*, 562 U.S. at 189.

Appellants also challenge the credibility of one of the witnesses at trial. We do not review this issue, however, "as [witness] credibility determinations are reserved to the jury." *United States v. Benton*, 64 Fed. Appx. 914, 918 (6th Cir. 2003) (citing *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994)). Furthermore, once again, Appellants make no reference to

the record, and this court is not obligated to search the record for support for their argument. *See* Fed. R. App. P. 28(a)(8)(A).

Appellants argue that the district court should have taken judicial notice of *NCUA Bd. v. Cumis Ins. Soc'y*, No. 1:11-cv-1739, 2015 U.S. Dist. LEXIS 45281 (N.D. Ohio Apr. 7, 2015). Here again, Appellants make no reference to the record to indicate that they moved for the court to take judicial notice of the case. Moreover, Appellee contends that Appellants never sought judicial notice of this specific case. Once again, the court is not obligated to search the record to make Appellants' argument for them. With no evidence that Appellants moved for judicial notice, we need not address this claim. *See* Fed. R. App. P. 28(a)(8)(A).

Appellants also argue that the district court erred by not taking judicial notice of twenty-seven documents, which Appellees describe as "non-adjudicative and irrelevant facts." The district court's ruling is contained in an order that ruled on fourteen different motions, which stated that the reasoning for each ruling was given in open court. Yet, Appellants did not order the transcript, and the record on appeal is therefore incomplete. Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). Moreover, Appellants fail to provide a single legal citation to support their argument that the district court erred. Accordingly, this argument fails.[2]

Appellants argue that the district court incorrectly denied their motion in limine seeking to preclude the testimony of Anthony Raguz, St. Paul's former Chief Executive Officer. We review a district court's ruling on a motion in limine for abuse of discretion. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013). "An abuse of discretion occurs if the district court

---

[2] We likewise reject Appellants' argument of error by the district court on the other motions contained in the aforementioned order, given the absence of a trial transcript, any references to the record, or substantive legal argumentation.

relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Id.* (citation omitted). We do not find that the district court erred in any of the abovementioned ways. The district court assessed Mr. Raguz's testimony and determined that it did not include clearly inadmissible hearsay. Under Federal Rule of Evidence 801(2)(A), statements are nonhearsay if made by, and offered against, the opposing party. *United States v. Cunningham*, 679 F.3d 355, 383 (6th Cir. 2012) (explaining that the rule permits "a party's own statement to be offered as evidence against that party even where the statement would otherwise be inadmissible as hearsay"). As Mr. Raguz's testimony regarding Danica Zovko, an opposing party, was about statements she had made to him, these statements are nonhearsay. Therefore, the district court did not abuse its discretion when it denied Appellants' motion in limine to preclude this testimony.

The district court further stated that some of Mr. Raguz's statements might contain double hearsay, insofar as they contained statements made by others about statements Danica had made, but the court would not limit Mr. Raguz's testimony in advance. However, the court stated that the NCUAB would have to demonstrate admissibility if the statements were used in support of or against a motion for summary judgment. Appellants do not demonstrate how any double hearsay was used against them at any stage of the proceeding, and in the absence of any such citation to the record, we do not find that the district court abused its discretion.

Appellants contest the district court's ruling on another motion in limine—the NCUAB's motion in limine to preclude Appellants from introducing evidence and/or testimony of any claims and defenses based on unwritten agreements, pursuant to 12 U.S.C. § 1787(p)(2), and to allow the Liquidating Agent to rely on St. Paul's books and records as being accurate without

objection. Appellants contend that the district court erred in partially granting the motion. Again, we do not find that the district court abused its discretion. Appellants do not cite to the record, and baldly assert that Appellee should not have been able to use "tainted, fabricated documents." Furthermore, as Appellee notes, Appellants did not object to the district court's jury instruction on the doctrine at issue at trial. Appellants do not explain how the district court improperly ruled, and their argument accordingly fails.

In another claim of error, Appellants argue that the district court erred in denying their motion for relief from judgment, for a partial new trial, or amendment of the judgment. Appellants repeat the argument they made in a motion before the district court, arguing that "the jury verdict relating to the fraudulent transfer was against the clear weight of the evidence." Appellants argue the same points on appeal as they did before the district court, which summarized Appellants' arguments:

> (1) they were not a party to the settlement agreement between [their son] and the NCUAB; (2) they were unaware that the property which was the subject of the fraudulent transfer claim was the property where their auto body shop was located; and (3) the fraudulent transfer claim caused prejudice with the jury. Defendants also explain why they believe their transfer of property to [their son] was not fraudulent.

We review the district court's rulings on the motion for abuse of discretion. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995)*; Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012). Appellants do not make any argument as to how the district court abused its discretion in denying their motion. As with most of their other arguments, Appellants provide no record citations and merely repeat their version of facts and events. Therefore, we cannot find that the district court abused its discretion.

Appellants argue that the district court improperly struck their affirmative defenses by granting much of Appellee's combined motion to strike defenses. We review a district court

ruling on a motion to strike for abuse of discretion. *Hatchett v. U.S.*, 330 F.3d 875, 887 (6th Cir. 2003). Appellants fail to support their argument with any specificity regarding which affirmative defenses should not have been struck, or why. Even if Appellants had put forth any specific allegations of error, they do not make any argument that the district court improperly applied law, relied on any clearly erroneous facts, or made a clear error of judgment, as required to show an abuse of discretion occurred. *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012)). Accordingly, we cannot find that the district court abused its discretion in striking many of Appellants' affirmative defenses.

Finally, Appellants argue that the district court erred when it denied their motion for dismissal, for adverse inferences, and sanctions for spoliation of evidence. As with almost the entirety of Appellants' brief, there is not a single citation to the record, nor any cite to any supporting case law. With no support, we decline to review this argument. *See* Fed. R. App. P. 28(a)(8)(A).

III

For the reasons set forth above, we AFFIRM the district court.