**Joseph M. MARBLY, Plaintiff–Appellant,**

v.

**HOME PROPERTIES OF NEW YORK, also known as The Lakes Apartment Community, Defendant–Appellee.**

No. 02–2114.

United States Court of Appeals, Sixth Circuit.

March 20, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

*ORDER*

Joseph M. Marbly, proceeding pro se, appeals a district court order denying his

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 9, 2001, pursuant to permission from the district court, Marbly field a complaint against Home Properties of New York, also known as The Lakes Apartment Community. Relying upon 42 U.S.C. §§ 1981 and 1982, and the Fair Housing Act of 1968, 42 U.S.C. § 3601, Marbly alleged that the defendant intentionally discriminated against him "based purely on his race" in an effort "to force him and other blacks to move from the community" and that the defendant's alleged conduct has had a discriminatory effect upon African–American tenants such as himself.

Marbly alleged that in January 1999, he began renting an apartment from the defendant at a monthly rental rate of $745. In order to renew his lease for the next rental period beginning in January 2000, Marbly was offered, and he accepted, a monthly rental rate of $755. In October 2000, Marbly was offered, and he accepted, a monthly rental rate of $820 in order to renew his lease for the rental period beginning in January 2001, which, according to Marbly, was the monthly rental rate that new tenants were being charged at that time. Marbly alleged that he inquired of "a few long time tenants" and "discovered that those white tenant's lease rates were not increased to the NEW tenant rate as was the case with the Plaintiff." Furthermore, Marbly alleged that the defendant provided new washers and dryers to white tenants in his building, but not African–American tenants. Marbly also alleged that months passed before the defendant repaired a valve pipe link in his bathroom

and that, despite his complaints, the defendant has failed to repair broken blinds in his apartment, a broken common door on his building, and a hall light outside of his apartment, and has failed to clean the stairway in his building. Marbly sought monetary and equitable relief.

Marbly filed a motion for summary judgment, to which the defendant responded. The district court denied Marbly's motion on January 10, 2002, and denied his Fed.R.Civ.P. 60(b)(6) motion for relief from that order on February 25, 2002. Thereafter, the defendant filed a motion for summary judgment, to which Marbly responded. On April 23, 2002, the district court granted the defendant's motion for summary judgment and dismissed the case. Marbly did not file a notice of appeal. Instead, Marbly filed a Fed.R.Civ.P. 60(b)(6) motion for relief from judgment on July 12, 2002, which the district court denied on August 15, 2002. Marbly filed a notice of appeal on August 21, 2002.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment disposing of the complaint. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998).

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Marbly's post-judgment motion for relief from judgment filed pur-

suant to Fed.R.Civ.P. 60(b)(6). In his motion for relief from judgment, Marbly merely reiterated arguments that had already been made throughout the course of the proceedings and argued that "he should have prevailed on the disparate treatment theory" asserted in his complaint in light of his pleadings and the exhibits that he had submitted. Under these circumstances, Marbly is not entitled to relief under Fed.R.Civ.P. 60(b)(6) because he has not demonstrated " 'exceptional or extraordinary circumstances,' " which are required to justify relief pursuant to that subsection of the rule. *See Byers,* 151 F.3d at 578 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989)). Indeed, Marbly has offered no legitimate reason to vacate the judgment in favor of the defendant.

■ To the extent that Marbly has attempted to appeal various rulings made during the course of the proceedings below, such as the denial of his motion for default judgment, the denial of his motion for summary judgment, the denial of his February 19, 2002, motion for relief from judgment, and the April 23, 2002, judgment in favor of the defendant, he is not entitled to relief under Fed.R.Civ.P. 60(b)(6), as Fed.R.Civ.P. 60(b) may not be used as a vehicle to challenge the underlying judgment disposing of the complaint. *See Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. 556; *Hood,* 59 F.3d at 42.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.