**Lonnie Wade BUTLER, Petitioner–Appellee,**

v.

**Gary MOHR, Warden, Respondent–Appellant.**

No. 99–4365.

United States Court of Appeals, Sixth Circuit.

March 26, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges, and HEYBURN,* District Judge.

PER CURIAM.

In this habeas corpus action, brought under 28 U.S.C. § 2254 by Ohio state prisoner Lonnie Butler, the respondent, Warden Gary Mohr, appeals the decision of the district court granting relief to petitioner Butler. The respondent contends that the district court erred in finding that the petitioner's appellate counsel rendered ineffective assistance of counsel when he failed to challenge the effectiveness of trial counsel on direct appeal. On the other hand, the petitioner contends that the relief ordered by the district court, sending the case back to the Ohio Court of Appeals to review the effectiveness of trial counsel's representation, is inadequate to cure the constitutional violation identified by the district court in this case. We find no error and affirm.

Butler was convicted of felonious sexual penetration and gross sexual imposition, committed against the minor child of a relative who had entrusted the child to his care. One of the state's witnesses, a nurse practitioner named Marsha Thompson, had

* The Hon. John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation.

drafted a report based on her examination of the child that the prosecution offered in evidence. Defense counsel objected to a specific provision in the report indicating that "[t]he susp. perp. has admitted to fondling and pinching the vagina—denied any penetration," a conclusion that Thompson apparently reached on the basis of the child's mother's report and not based on independent evidence (indeed, no inculpatory statements by the accused were introduced at his trial in state court). The trial judge excised this portion of the report, but both the judge and counsel overlooked an additional statement in the report that "[t]hese findings are consistent [with] and supported by the child's disclosure and the susp. perp. admission to the abuse."

This error was not discovered until, during the first day of their deliberations, the jury asked the court what "susp. perp." meant (the record suggests that the jurors may have been looking merely for confirmation, since Thompson had repeatedly used the term "suspected perpetrator" during her testimony to refer to Butler). Someone had also underlined the word "admission" while the report was in the jury room. The judge returned the report to the jury the next day with the relevant language excised, gave a curative instruction to disregard any evidence that had been stricken, and denied defense counsel's motion for a mistrial. Later that same day, the jury returned a guilty verdict on both counts of the indictment.

■ On appeal, Butler's new counsel raised the issue of the trial court's denial of a mistrial, but did not challenge trial counsel's failure to identify the prejudicial statement and take timely steps to prevent its possible contamination of the jury. However, given the relatively underwhelming nature of the evidence against Butler at his state trial, there can be little doubt that the damage done by the jury's exposure to the inadmissible statement in the report was potentially prejudicial. We thus conclude that it constituted ineffective assistance of counsel on appeal to fail to raise the question of the effectiveness of counsel's representation at trial.

■ We cannot agree with the petitioner's contention that the proper remedy would be to order a retrial. Instead, we conclude that the district court properly decided that the case should be returned to the Ohio appellate court for a determination of trial counsel's competency, thus affording the state the opportunity to litigate the question fully and the Court of Appeals the opportunity to rule on it. The state suggests that the appropriate action on Butler's behalf is an application to reopen the direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), which motion the state has indicated that it would join. We leave it to the parties on remand to the district court to advise the district judge of the proper route back to the state court.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in ordering that a writ of habeas corpus issue in this case, conditioned upon the reinstatement or reopening of Butler's direct appeal within 90 days of the issuance of the mandate. Because the reasons why such relief is appropriate in this case have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order filed on August 26, 1999.