**Lonnie Wade BUTLER, Petitioner–Appellee,**

v.

**Gary MOHR, Warden, Respondent–Appellant.**

**Nos. 01–3772, 01–3933.**

United States Court of Appeals, Sixth Circuit.

March 26, 2003.

BEFORE: SILER, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

This action is before us on appeal for the second time. Initially, we affirmed the judgment of the district court that granted Lonnie Wade Butler's petition for a writ of habeas corpus on the conditional basis that he be released unless his appeal was reopened in state court within 90 days of the mandate, which was issued on April 17, 2001. *See Butler v. Mohr*, 8 Fed.Appx. 359 (6th Cir.2001). When the Ohio court repeatedly refused to reinstate Butler's appeal, the district court issued an unconditional writ on July 12, 2001, and Butler was released from custody on July 16, 2001.

Following the district court's order of July 12, the warden filed a motion for relief from judgment, citing Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6). As grounds for relief under Rule 60(b)(3), the warden alleged that the petitioner had secured the writ by "misconduct," raising an accusation that he had "intentionally fail[ed] to comply with Ohio App. R. 26(B)" governing motions to reopen in the state court of appeals and had thereby caused the court to deny his application to reopen his appeal. There were no grounds alleged to support the request for relief under 60(b)(6).

The "misconduct" to which the attorney for the state referred was not otherwise specified in the motion, but it undoubtedly related back to previous allegations by the warden that the petitioner had failed to state good cause for filing his motion to reopen beyond the end of the 90-day period specified in the Ohio rules, running from the date when his direct appeal became final in 1997. However, the petitioner had attached to his application to reopen (as well as to an earlier motion filed in the state court of appeals) a copy of the district court's original opinion that set out the underlying reason for the issuance of a conditional writ, *i.e.*, ineffective assistance by the petitioner's counsel on direct appeal, and that granted a conditional writ, to be issued only in the absence of an order reopening the petitioner's state court appeal. The state court nevertheless refused to reopen the appeal. Eventually, the Ohio court was also supplied with a copy of our opinion affirming the order of the district court, but the Ohio court still refused to reinstate the appeal.

The district court found that there was no basis for the warden's charge that the petitioner had failed to demonstrate good cause in his application to reopen his state court appeal, noting that "it cannot credibly be argued that petitioner somehow failed to inform the state Court of Appeals why this Rule 26(B) motion was being filed more than 90 days after his conviction became final." We agree with this conclusion.

The district court denied the Rule 60(b) motion for relief from judgment on July 12, 2001, and Butler was released from custody on July 16. On July 17, 2001, the warden filed a motion to vacate the July 12 order, on the ground that the Ohio Court of Appeals had "reopened" the petitioner's appeal on July 16. Attached to this motion was a copy of an order by that court

that plainly did not reopen the appeal, but merely granted the state's motion "to reconsider our journal entry ... which denied Mr. Butler's application for App.R. 26(B)." The order recited that "the motion for reconsideration in this case raises issues not properly considered by this court in that the ... journal entry did not fully cognize the import and factual basis of the District Court's decision," and granted the motion only to the extent of permitting the parties to file an "appropriate" application to reopen and briefs. As a result, the district judge denied the motion to vacate, noting that the petitioner's appeal had not, in fact, been reopened.[1]

Before this court, the warden initially argued that the two orders at issue in this appeal stemmed from a habeas action and, therefore, that the district court decisions are subject to a *"de nova"* [sic] standard of review. This argument ignores the fact that the district court's findings on the substantive habeas issue have already been affirmed by this court. Instead, as the petitioner points out, our review of the orders specified in the notice of appeal is for abuse of discretion. *See, e.g., Browder v. Director, Dep't of Corrections of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("The Court of Appeals may review the ruling only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.") (citations omit-

ted); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995) (citing *Browder* ); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) ("A denial of a motion to alter or amend judgment under Rule 59(e) is typically reviewed for abuse of discretion.") (citation omitted). In his final reply brief, the warden appears to concede this point.

Finding an abuse of discretion requires "a definite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990) (citation omitted). Having had the benefit of oral argument in this case, and having thoroughly reviewed the briefs and the record on appeal, we conclude with absolute conviction that there is no such error in judgment in the record before us. Indeed, it appears that this appeal is virtually frivolous. For these reasons, we AFFIRM the judgment of the district court in all respects.

---

1. The district judge also indicated that prior to issuing the unconditional writ, he had personally contacted the presiding judge of the state court "in order to make sure that the state court was fully informed about the previous decisions of this court and the United States Court of Appeals, and that the state court understood the consequences of its ... refusal to reinstate Butler's appeal; to wit, that Butler would be released." In response, "the presiding judge of the Ninth District Court of Appeals advised the [district] judge that he had consulted his colleagues and that they would not *sua sponte* reconsider their order of June 4, 2001, which refused to reinstate Butler's appeal." This reaction by the state court is particularly puzzling because the federal judges involved in this habeas case, in the name of comity, had refrained from granting the petitioner a new trial, as he had requested, in order to give the state court an opportunity to consider the merits of the question at the heart of the habeas petition: whether trial counsel had rendered ineffective assistance, the dispositive issue that appellate counsel had failed to raise on direct appeal.