**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary HARRIS, Defendant–Appellant.**

**No. 02–4175.**

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Gary Harris, pro se, Conneaut, OH, for Defendant–Appellant.

Before RYAN, MOORE, and ROGERS, Circuit Judges.

## ORDER

This pro se federal litigant appeals a district court judgment denying his motion construed as one filed pursuant to Fed. R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The United States initiated this action on December 11, 1998, seeking foreclosure of two promissory notes and six mortgages upon which Gary Harris had defaulted. The promissory notes had been executed on November 18, 1997, and March 11, 1998. The notes were entered into as a result of a plea agreement in Harris's criminal tax prosecution case. The mortgages secured Harris's indebtedness. One of the mortgaged properties was 5200 Euclid Avenue, Cleveland, Ohio.

Over the succeeding year, the property at 5200 Euclid Avenue was auctioned twice, but no bids were obtained at those auctions where the minimum acceptable bid was set at $200,000. The record reveals that Harris sought and received several delays in the sale of the property in order for him to find a buyer. When no private buyer was identified, the government readvertised the sale of the property. Harris sent the United States Attorney a certified letter claiming, without supporting documentation, that he had received an offer of purchase in the amount of $250,000 from a Mr. Loconti.

The sale proceeded as advertised, and on November 13, 2001, the property at 5200 Euclid Avenue was publicly auctioned and sold for $100,000 to Mr. Loconti. On November 30, 2001, Harris filed a request for emergency injunction to halt the sale of the property by the United States. Harris argued that the property had been improperly auctioned in light of the alleged $250,000 offer of purchase.

On April 10, 2002, the district court denied Harris's motion for emergency injunction and confirmed the sale of the property. On May 6, 2002, Harris filed a motion for reconsideration of the court's order denying his motion for emergency injunction. On August 20, 2002, the district court denied the motion for reconsideration. Harris appeals that judgment.

In his timely appeal, Harris reasserts his challenge to the propriety of the sale of the property at 5200 Euclid Avenue.

Harris filed his motion to reconsider more than ten days after entry of the district court's April 10, 2002 order. Rule 59 provides that motions to reconsider "shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(b), (e). This court's "own precedent dictates that a Rule 59 motion filed outside the mandatory 10–day window is of no effect." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998). Nevertheless, "[w]here a party's Rule 59 motion is not filed within the mandatory 10–day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for

relief from judgment" *Id.* This court reviews the district court's denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Harris relief from judgment. Harris does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.