**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Ronald Ray FOLEY, Defendant–
Appellant.**

Nos. 03–1683, 03–1857.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

Joan E. Meyer, Grand Rapids, MI, for Plaintiff–Appellee.

Ronald Ray Foley, Sheridan, OR, pro se.

Before: SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District Judge.[*]

## ORDER

In these consolidated cases, Ronald Ray Foley appeals a district court judgment denying his motion to dismiss the indictment (No. 03–1857) and appeals a district court judgment denying his motion for reconsideration of the judgment denying his motion to dismiss the indictment (No. 03–1683). These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Foley guilty of conspiracy to manufacture methamphetamine, interstate travel with intent to facilitate an unlawful activity, distribution of methamphetamine, and use of the mails or private commercial carrier to facilitate an unlawful activity. The district court sentenced Foley to 384 months of imprisonment. A panel of this court affirmed Foley's judgment of conviction and sentence. *United States v. Foley,* No. 93–1838, 1994 WL 144445 (6th Cir. Apr.21, 1994), *cert. denied,* 513 U.S. 938, 115 S.Ct. 340, 130 L.Ed.2d 297 (1994).

On April 2, 2001, Foley moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied Foley's motion and his subsequent motion for reconsideration.

Thereafter, Foley, proceeding pro se, moved the district court to dismiss the indictment for failure to charge a crime. Foley primarily contended that the government's failure to allege the specific elements of aiding and abetting under 18 U.S.C. § 2 in Counts I, II, and III of his indictment rendered the indictment insufficient. On March 20, 2003, the district court denied the motion, and on April 2, 2003, Foley moved the district court to reconsider. Because Foley's motion was filed more than ten days after the district court issued its order, the district court treated Foley's motion as one filed pursuant to Fed.R.Civ.P. 60 and denied it on May 16, 2003. Foley appeals that judgment, and that appeal is docketed in this court as Case Number 03–1683.

On May 30, 2003, Foley filed a second motion to dismiss the indictment. In that motion, Foley contended that the district court lacked subject matter jurisdiction over his indictment. On June 17, 2003, the district court denied the motion. Foley appeals that judgment as well, and that appeal is docketed in this court as Case

---

[*] The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

Number 03–1857. We consolidated the appeals for briefing and submission.

On appeal, Foley reasserts the arguments that he set forth in the district court. He contends that his indictment is fatally flawed and constitutionally defective for failure to charge a crime because the indictment failed to make a specific reference to the aiding and abetting language set forth in 18 U.S.C. § 2. In other words, he contends that Counts I, II, and III of his indictment failed to state an offense because he was not adequately informed that he was being held responsible for aiding and abetting. He also reasserts his arguments that because his indictment failed to charge a crime, the district court lacked subject matter jurisdiction and that the government unlawfully amended his indictment.

### Case Number 03–1857

■ In Case Number 03–1857, Foley appeals a district court judgment denying his motion to dismiss the indictment.

This court reviews a district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Middleton,* 246 F.3d 825, 841 (6th Cir. 2001). The district court clearly did not abuse its discretion. Rule 12(b)(2) of the Federal Rules of Criminal Procedure requires that a challenge to an indictment be made prior to trial, unless the indictment fails to establish jurisdiction or to charge an offense. In such a case, the challenge may be raised at any time. *United States v. Gatewood,* 173 F.3d 983, 986 (6th Cir. 1999). Not only did Foley fail to raise his objections to the indictment prior to trial, but he also failed to include his objections in his direct appeal and in his 28 U.S.C. § 2255 motion. Furthermore, his objections are without merit. It is clear that Counts I, II, and III of Foley's indictment are sufficient to charge the offenses of

which Foley was convicted. Foley primarily complains that Counts I, II, and III did not adequately notify him that he could be convicted as an aider and abettor. However, those counts of Foley's indictment clearly cite 18 U.S.C. § 2. In addition, this court has held that aiding and abetting is embodied in every federal indictment, whether specifically charged or not. *See United States v. Maselli,* 534 F.2d 1197, 1200 (6th Cir.1976).

■ To the extent Foley contends that the government unlawfully amended his indictment, the contention is meritless for the reasons set forth above. Similarly, to the extent Foley contends that the district court lacked jurisdiction over the indictment, the contention is meritless. Foley was indicted on charges of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and charges of interstate travel or use of the mails in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952. The charges involve violations of laws of the United States, and the district court has original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231.

### Case Number 03–1683

■ In Case Number 03–1683, Foley appeals a district court judgment denying his motion for reconsideration of the judgment denying his motion to dismiss the indictment. Foley filed his motion to reconsider more than ten days after entry of the district court's March 20, 2003 order. Rule 59 provides that motions to reconsider "shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(b), (e). This court's "own precedent dictates that a Rule 59 motion filed outside the mandatory 10–day window is of no effect." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998). Never-

theless, "[w]here a party's Rule 59 motion is not filed within the mandatory 10–day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Id.* This court reviews the district court's denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Foley relief from judgment. Foley does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief.

Accordingly, we hereby affirm the district court's judgment entered in Case Number 03–1683 and the judgment entered in Case Number 03–1857 pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.