NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0408n.06
Filed: June 16, 2006

No. 04-5167

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEVIN WHITAKER, | ) | |
| | ) | |
| *Petitioner-Appellant,* | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Middle District |
| | ) | of Tennessee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellee*. | ) | |

Before: **BOGGS, Chief Judge; BATCHELDER, Circuit Judge;** and **WEBER, District Judge.**[*]

**PER CURIAM.**

Petitioner-Appellant Kevin Whitaker appeals the denial of his Rule 60(b)(6) Motion seeking relief from the district court's final judgment dismissing his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

Appellant was originally charged in a four-count Third Superseding Indictment. He entered into a plea agreement and, in accordance with the plea agreement, pleaded guilty to Count One, a violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and Count Two, a violation of 18 U.S.C. 1956(h) and 18 U.S.C. § 2. On January 17, 2002, he was sentenced to 151 months in prison on each count,

---

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

the terms to run concurrently.

On September 10, 2002, Whitaker, proceeding pro se, timely submitted a Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255, asserting (1) ineffective assistance of counsel because counsel failed to provide to the court at the sentencing hearing the order expunging a past criminal conviction and (2) that the district court failed to consider in determining his sentence that his criminal history category was I and not II.

On November 18, 2002, Whitaker filed a Motion for Voluntary Dismissal requesting dismissal of his § 2255 Motion. On December 3, 2002, by handwritten notation on the bottom of Whitaker's motion, the district court granted the voluntary dismissal and dismissed Whitaker's Motion to Set Aside, Vacate, or Correct Sentence.

On April 23, 2003, Whitaker filed his Consolidated Affidavit and Motion Pursuant to Rule 60(b)(6) seeking to reinstate his 28 U.S.C. § 2255 Motion. He explained that his sole reasons for dismissing his 28 U.S.C. § 2255 Motion were that the government had threatened to increase his sentence if he breached the plea agreement by challenging the legality of his sentence based on previously expunged convictions and the advice given to him by his former attorney Rayburn McGowan, Jr. that the threats were not baseless and that the government could seek a heightened sentence if he went forward with his § 2255 Motion and was resentenced.

On June 23, 2003, Judge Wiseman denied the Rule 60(b)(6) Motion by handwritten notation at the bottom indicating, "The matter of which petitioner complains was fully considered by the Court and taken into consideration in the plea agreement."

Appellant argues that his former attorney was ineffective because if the sentence had been calculated using a criminal history category of I, the range would have been 135 - 168 months, and

2

if the court had imposed the lowest possible sentence in this range, the result would have been a reduction of 16 months in his sentence to a term of 135 months. Whitaker claims that, in denying his Rule 60(b)(6) Motion, the district court did not consider or even address the extraordinary facts underlying his claim and gave no legitimate reason for denying Whitaker's motion. He further claims that the sentencing hearing transcripts clearly show that these matters were not fully considered. We disagree.

Whitaker's counsel admittedly failed to obtain documents demonstrating that a past conviction had been expunged prior to the sentencing hearing. As a result of this failure, Whitaker's sentence was calculated based on a criminal history category of II, instead of a criminal history category I. During the sentencing hearing, the following colloquy took place:

> Court: By the way, Mr. McGowan, were you successful in obtaining that expungement?
> McGowan: Your Honor, we have not gotten a judgment order signed to expunge the prior conviction and they are telling me it takes quite awhile to do that.
> Court: Even though I am accepting all your recommendations, if you are able to get that done and get a lower criminal history category, it may affect this man's time in the federal correctional institution. It may affect his placement within the system. So I suggest you continue to pursue it.
> Mr. McGowan: Your Honor, we have made all the payments and all the paperwork has been turned in. One of these days they will set something.

Then, the court stated:

> Based upon the joint recommendation of the parties, the government and the defendant, the Court will depart five levels under 5K1.1 of the sentencing guidelines resulting in a criminal history - in a range of 151 to 188 months.

The court imposed the sentence of 151 months in prison. After the sentence was imposed, the court said, addressing Whitaker:

"You agreed to everything. I don't know of anything you would have to appeal from."

3

It is clear that Judge Wiseman considered the fact that the expungement would be granted when he sentenced Whitaker. His concern about the criminal history category was the effect it could have upon Whitaker's placement in the Bureau of Prisons and the privileges he might receive, not the length of the 151-month sentence he was imposing.

The presentence report recommended a sentencing range of 262-327 months with a mandatory minimum sentence of ten years. Whitaker argues his sentencing range actually was 235-293 months. Pursuant to U.S.S.G. § 5K1.1, the district court reduced Whitaker's offense level by five levels and accepted the agreed 151-month sentence recommended by the parties. It is clear Judge Wiseman considered the matter of which Whitaker complained in his Rule 60(b)(6) Motion and concluded the sentence imposed was consistent with the plea agreement by which Whitaker was able to obtain, through Mr. McGowan's representation and negotiation with the government, the significantly lower sentence imposed. It is clear that the negotiations included the understanding that the conviction would be expunged. Appellant's sentence of 151 months was the joint recommendation of Whitaker and the government. The court sentenced Whitaker to the lower sentence because his criminal history category was considered by the parties and the court to be Category I. The court accepted the parties' recommended sentence.

The underlying basis of Whitaker's Rule 60(b)(6) Motion to restore his § 2255 Motion is his claim that his trial counsel, Mr. McGowan, provided ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

The record in this case establishes neither prong. There clearly is no basis for a claim of ineffective counsel. The district judge's decision to hold the parties to the terms of the plea agreement was proper. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001)(an agreement that bars appeal, post-sentencing motions, or petitions can be enforced by the outright denial of the relief sought, based upon the terms of the agreement).

This court reviews the district court's denial of a motion for relief from judgment under Fed. R. Civ. P. 60 for abuse of discretion. *United States v. Foley,* 110 F. App'x. 611, 614 (6th Cir. 2004).

Judge Wiseman's notation shows that the 151-month sentence agreed to by the parties and recommended to the court would be the same under either the 235-293 months range claimed by Whitaker or under the 262-327 months range established in the presentence report. The district court did not abuse its discretion in denying the Rule 60(b)(6) Motion.

Accordingly, the judgment of the district court is **AFFIRMED**.